IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Najee Sabir Odoms, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Pathfinder Inspections Field Services, LLC, | ) | Case No. 1:21-cv-009 |
| | ) | |
| Defendant. | ) | |

    Plaintiff Odoms initiated this action pro se in January 2021 by Complaint.  He claims that he was subjected to discrimination, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 while working for Defendant Pathfinder Inspection Field Services, LLC ("Pathfinder") in July 2020.

    Before federal courts may hear Title VII claims, claimants must first exhaust their administrative remedies.  See Cottril v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006) ("A Title VII plaintiff must exhaust administrative remedies before bringing suit in federal court. A claimant must first timely file an administrative charge with the EEOC."); Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003) ("Before the federal courts may hear a discrimination claim, an employee must fully exhaust her administrative remedies."); Stuart v. General Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000) ("In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter."); see also Lowe v. Monrovia, 775 F.2d 998, 1003 (9th Cir.1985) (opining that federal courts do not have subject matter jurisdiction over a plaintiff's claim if that plaintiff fails to raise a Title VII claim before the EEOC). This generally requires that claimant file a charge of discrimination with the EEOC and

subsequently obtain a "notice of right to sue" letter from the EEOC before filing suit.

Odoms states in his Complaint that he has filed a charge of discrimination against Pathfinder with the EEOC. However, he does not elaborate on the substance or status of this charge and has not filed a copy of his EEOC right to sue letter with the Court. As a right to sue letter is required in order to initiate a Title VII claim, see Stuart v. General Motors Corp., 217 F.3d 621, 630, the Court shall require him to submit a copy of it along with a copy of the charge of discrimination that he filed with the EEOC.

Accordingly, Odoms shall have until March 22, 2021, to file copies of his charge of discrimination and right to sue letter. A failure on his part to do so may result in the summary dismissal of his Title VII claims.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2021.

>  */s/ Clare R. Hochhalter*
>  Clare R. Hochhalter, Magistrate Judge
>  United States District Court